**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4123
_____

ESTATE OF JAMES EDWARD THOMPSON,
through Richard Marshall Thompson, Administrator;
RICHARD THOMPSON; DEBORAH THOMPSON,
Appellants

v.

JAMES PHILLIPS; JOYCE PHILLIPS
_____

Appeal from the District Court of the Virgin Islands
(District Court No. 3-13-cv-00104)
District Judge: Hon. Curtis V. Gomez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2017

_____

Before: SMITH, *Chief Judge*, McKEE, and SCIRICA, *Circuit Judges*.

(Opinion filed: July 11, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

James Thompson fell overboard and drowned while disembarking from a vessel chartered out of the U.S. Virgin Islands. The District Court concluded that it did not have personal jurisdiction over the vessel's owners and dismissed the resulting lawsuit. For the reasons below, we will reverse.

## I.[1]

Joyce Phillips is a resident of Virginia and co-owns a boat named "the Blue Moon" with her husband. The Blue Moon has been docked in St. Thomas, U.S. Virgin Islands for approximately five or six years. In February of 2012, Captain James Phillips agreed to charter the Blue Moon out of St. Thomas, U.S. Virgin Islands for several passengers, including James Thompson. James Phillips then sailed the Blue Moon to dock in the U.S. Virgin Islands, where Thompson and the other travelers joined him aboard. Three days after setting sail, James Phillips docked the Blue Moon in Norman Island, British Virgin Islands, near another vessel called "Willy T's," which is a restaurant and bar. After several hours of drinking onboard the Blue Moon, James Phillips, Thompson, and the remaining passengers boarded a dinghy and headed to Willy T's. Later that evening, Phillips and the passengers got back onto the dinghy to return to the Blue Moon. While attempting to board the Blue Moon, a passenger named Michael

---

[1] Although the appellants bear the burden of establishing the jurisdictional facts, *see Mellon Bank (East) PSFS Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992), our review of their Rule 12(b)(2) motion to dismiss "must accept" all of their allegations as true and construe factual conflicts in their favor. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir.1992).

Miller fell into the water and had to be helped back into the dinghy. Thompson, who was not wearing a life vest, also fell into the water. Tragically, no one saw Thompson fall, and he drowned.

The appellants filed a complaint, alleging that the Phillips's negligent upkeep of the Blue Moon caused the wrongful death of Thompson, who was their son. Joyce Phillips filed a 12(b)(2) motion to dismiss, claiming that the District Court lacked personal jurisdiction over her. The District Court agreed and entered an order granting Phillips's 12(b)(2) motion to dismiss. This timely appeal followed.[2]

## II.

Phillips contends that the District Court lacks jurisdiction to hear the underlying claims because she does not reside in, and has not otherwise maintained sufficient minimum contacts with, the Virgin Islands. The appellants contend that Phillips operated the Blue Moon chartering business as a partnership with her husband, marketed the Blue Moon's services, obtained substantial revenue from the business, and has thus maintained sufficient contact with the U.S. Virgin Islands.

A court may assert personal jurisdiction over a nonresident of the jurisdiction in which the court sits to the extent authorized by the law of the jurisdiction.[3] "Once

---

[2] We have jurisdiction over this appeal from the District Court's final order pursuant to 28 U.S.C. § 1291. We "exercise plenary review over the District Court's determination that it lacked personal jurisdiction in the present case." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 329 (3d Cir. 2009) (citation omitted).

[3] *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).

challenged, the plaintiff bears the burden of establishing personal jurisdiction."[4]

Ordinarily, the plaintiff can meet this burden by submitting "affidavits or other competent evidence" demonstrating that jurisdiction is proper.[5] However, where, as here, the District Court does not hold an evidentiary hearing to determine if it can exercise personal jurisdiction over the defendant, "'the [appellants] need only establish a prima facie case of personal jurisdiction and [they] are entitled to have their allegations taken as true and all factual disputes drawn in their favor.'"[6] The appellants here do not merely rest on the allegations alleged in their complaint "but rather submitted [depositions] and other documentary evidence in support of a finding of personal jurisdiction over" Phillips.[7] As with the factual allegations asserted in the complaint, we are required to assume the truthfulness of this jurisdictional evidence.[8] Viewed through this lens, we conclude that the appellants' factual contentions are sufficient to establish a prima facie case for the District Court's exercise of personal jurisdiction over Phillips.

Because, as noted, "a District Court [sitting in diversity] typically exercises personal jurisdiction according to the law of the state where it sits,"[9] we apply the law of

---

[4] *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).

[5] *Metcalfe*, 566 F.3d at 330 (citation omitted).

[6] *O'Connor*, 496 F.3d at 316 (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)) (internal quotation marks and alterations omitted); *see also D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citation omitted).

[7] *Metcalfe*, 566 F.3d at 33.

[8] *See id.* (noting that it was required to assume "the sworn allegations that appear in the [appellants'] affidavit and the other documentary evidence on record are true" in the absence of an evidentiary hearing on the jurisdiction question).

[9] *O'Connor*, 496 F.3d at 316 (citing Fed. R. Civ. P. 4(k)(1)(A)).

4

the U.S. Virgin Islands. Establishing personal jurisdiction over a nonresident defendant in the U.S. Virgin Islands involves a two-part inquiry: "First, there must be a statutory basis for exercising jurisdiction over the [litigant] in accordance with the [U.S.] Virgin Islands Long-Arm Statute."[10] Second, the Due Process Clause of the Fourteenth Amendment requires us to confirm that the non-resident litigant has sufficient minimum contacts with the U.S. Virgin Islands such that the exercise of jurisdiction "comports with traditional notions of fair play and substantial justice." [11]

The U.S. Virgin Islands Long-Arm Statute specifies several independent bases for the exercise of personal jurisdiction.[12] We conclude that the appellants have alleged facts amounting to a prima facie showing that there is a statutory basis supporting the District Court's proper exercise of jurisdiction. The Virgin Islands Long-Arm Statute, in relevant part, states:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from
>> (1) transacting any business in the territory;
>> (2) contracting to supply services or things in this territory;
>> (3) causing tortious injury by an act or omission committed in the territory . . . .[13]

---

[10] *Metcalfe*, 566 F.3d at 330 (citation omitted); *see also Molloy v. Indep. Blue Cross*, 56 V.I. 155, 173 (V.I. Jan. 9, 2012).

[11] *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 369 (3d Cir. 2002) (citations omitted). As we have noted before, section 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561, makes the Due Process Clause applicable to the Virgin Islands. *Metcalfe*, 566 F.3d at 330 fn 5.

[12] *Molloy*, 56 V.I. at 175; *see also Metcalfe*, 566 F.3d at 331 (assessing the existence of jurisdiction pursuant to only the first two subsection of the Virgin Islands Long-Arm Statute).

[13] V.I. Code Ann. tit. 5, § 4903.

The phrase "transacting any business" is a term of art, "which means less than doing business but more than performing some inconsequential act."[14] "It requires that a defendant engage in a purposeful activity within the territory."[15] Subsection (a)(1) may be satisfied even where the cause of action arises from only a single act or business transaction.[16] Here, the appellants alleged that Phillips and her husband jointly owned the Blue Moon and used it to operate the charter in question out of the U.S. Virgin Islands.[17] The appellants also contend that James Phillips, acting on behalf of the yacht's owners, entered an agreement to provide the charter in exchange for compensation.[18] Because the underlying cause of action is directly related to this transaction, which was carried out in the territory of the U.S. Virgin Islands, the statutory requirement for personal jurisdiction is satisfied under section 4903(a)(1).[19]

---

[14] *Molloy*, 56 V.I. at 176 (citation omitted).

[15] *Id.*

[16] *Id.*

[17] Joint App'x 57, 139, 192–93, 208–09, 211–14.

[18] Joint App'x 110—111, 239–240.

[19] Our conclusion here is not altered by the fact that the appellee did not herself sign the agreement for the charter. "By the general law of partnership, the act of each partner, during the continuance of the partnership and within the scope of its objects, binds all the others. It is considered the act of each and of all, resulting from a general and mutual delegation of authority." *Bell v. Morrison*, 26 U.S. 351, 370 (1828). It is alleged that the Phillips were co-owners of the Blue Moon and operated its chartering service in partnership with one another. This is supported by evidence that the appellee, as co-owner, distributed promotional business cards and handled the business of the charters provided aboard the Blue Moon. Joint App'x 153, 170, 178–79. The appellee assisted also with its operation. Joint App'x 163. Indeed, by her own account, she drafted the contract here.

Subsection (a)(2) is similarly satisfied. "Contracting to supply services or things in this territory, for the purposes of [subsection] (a)(2), has been interpreted to include contracts entered into, or partially performed in, the Virgin Islands so long as the claim arises from the contract."[20] We therefore conclude that subsection (a)(2) provides a basis for personal jurisdiction over the appellee.

Subsection (a)(3) also provides a statutory basis for jurisdiction. The complaint alleges that the Phillips's negligent upkeep of the Blue Moon caused the wrongful death of Thompson. The appellants have therefore satisfied their burden of showing that their tort claims arose from the appellee's Virgin Islands-based conduct.

However, as we stated at the outset, the District Court's exercise of personal jurisdiction must also comport with constitutional due process. Accordingly, the appellants must demonstrate that Phillips maintains "minimum contacts" with the Virgin Islands such that "it is reasonable and fair to require" her to conduct her defense in the territory.[21] Because Phillips contended that the District Court could not exercise specific jurisdiction,[22] the inquiry into whether she maintains minimum contacts in the Virgin Islands specifically considers whether Phillips "has purposefully directed [her] activities at residents of the forum and [whether] the litigation results from alleged injuries that

---

[20] *Molloy*, 56 V.I. at 178 (citation omitted).

[21] *Metcalfe*, 566 F.3d at 334 (citation and internal quotation marks omitted).

[22] The appellants also assert that the District Court could exercise general jurisdiction. Given our holding that the court may proper exercise specific jurisdiction, we need not reach this issue. *See Bristol-Myers Squibb v. Superior Ct. of Calif.*, 137 S. Ct. 1773, 1780 (2017) (differentiating between general jurisdiction and specific jurisdiction).

arise out of or relate to those activities."[23]  If these two requirements are met, we consider "whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"[24]

It is alleged that the appellee is the co-owner of the Blue Moon and that she and her husband routinely charter the vessel for revenue in the U.S. Virgin Islands. **(app'x at 221:3-6, 124:19).**  The appellants also allege that the Phillips have earned $150,941 in revenue over a five year period.  During that time, the Blue Moon's home port has been the Virgin Islands. **(app'x at 124:19)** According to the record, the Blue Moon averages twelve to thirteen trips per year out of St. Thomas, and Phillips has personally advertised and promoted the Blue Moon's chartering service through the distribution of business cards and by directing potential passengers to the Blue Moon's website. **(app'x. at 185:25–186:1-10).**  The appellants also allege that the Phillips purposefully directed their chartering business in the Virgin Islands and have unquestionably availed themselves of the privilege of conducting business there.[25]  None of those contentions is denied or refuted by the appellee.  In the absence of an evidentiary hearing and contrary findings of fact by the court, these facts are taken as established.

---

[23] *Id*. at 334 (citation and internal quotation marks omitted).

[24] *O'Connor*, 496 F.3d at 317 (3d Cir. 2007) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

[25] *See North Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 691 (3d Cir. 1990) ("[T]he absence of a 'physical' presence by [the appellee] is once again not determinative of a lack of in personam jurisdiction when accompanied by facts indicating a purposeful availment.").

It is therefore obvious that the underlying suit results from alleged injuries that either arise out of, or relate to, Phillips's activities in the U.S. Virgin Islands.

However, due process requires more than "but for" causation for the exercise of in personam jurisdiction. [26] "Specific jurisdiction is the cost of enjoying the benefits." [27] As we have noted, the appellants have alleged that Phillips received numerous benefits of doing business in the Virgin Islands. We conclude that the alleged injuries "arise out of and relate to" Phillips's purposeful availment. [28]

We must also determine whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." [29] The existence of minimum contacts creates a presumption that jurisdiction is constitutional. [30] Thus, to defeat jurisdiction at this juncture, Phillips "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." [31] Relevant factors include "the burden on the [appellee], the Forum State's interest in adjudicating the dispute, the appellants' interest in obtaining convenient and effective relief, [and] the

---

[26] *O'Connor*, 496 F.3d at 323.

[27] *Id.* (citation omitted).

[28] Phillips contends that the appellants' negligence claim sounds entirely in tort and not contract, and that it therefore cannot proceed since the relationship in question was purely contractual. This argument is foreclosed by *O'Connor*.

[29] *See Int'l Shoe*, 326 U.S. at 316.

[30] *Burger King*, 471 U.S. at 476.

[31] *See Burger King*, 471 U.S. at 477; *see also Pennzoil Prods.*, 149 F.3d at 207 (noting that if minimum contacts are present, then jurisdiction will be unreasonable only in "rare cases").

interstate judicial system's interest in obtaining the most efficient resolution of controversies."[32]

The jurisdictional factors here are far stronger than those in *O'Connor v. Sandy Lane Hotel Company*. Accordingly, sufficient minimum contacts with the forum are established. "When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant."[33] Moreover, the record supports a finding that Phillips regularly travels to the Virgin Islands. Thus, any additional burden resulting from this litigation would be minimal.[34]

## III.

For the reasons stated above, we will reverse the District Courts order granting Phillips motion to dismiss for lack of personal jurisdiction and remand for further proceedings. [35]

---

[32] *Burger King*, 471 U.S. at 477 (citation and internal quotation marks omitted).

[33] *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 114 (1987). *Asahi* is the only Supreme Court case ever to present a burden high enough on the defendants that jurisdiction was not constitutional despite minimum contacts. It involved a suit in California between parties from Japan and Taiwan.

[34] As we note, once the plaintiff has made out a prima facie case in favor of personal jurisdiction, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477. Phillips has not done so here.

[35] Although we are satisfied that the appellants' factual averments are sufficient to establish personal jurisdiction over the appellee, we emphasize that it would have been far better for the District Court to have held a hearing on that issue and made findings of fact to determine whether the contacts here are sufficient to support the court's exercise of jurisdiction over Phillips.